The Hudson-Oliver Motor Company, Respondent, *v.*
Edward Vivian, Appellant.

(Supreme Court, Erie Special Term, July, 1921.)

Replevin — conditional sales — seizure of automobile for illegal transportation of liquors — vendor entitled to possession of car.

> An automobile delivered pursuant to a contract of conditional sale, title to remain in the vendor until payment of the purchase price, having been seized by the Federal authorities upon the arrest of the vendee for transporting liquors in said car in violation of the Volstead Act, was released and returned to him on the acceptance of his bond for the return of the car on the day of trial. *Held,* that the vendor was entitled to maintain replevin for the car, and it appearing by an adjudication of a Federal court in reference to the car that the United States government has no claim thereto, a judgment awarding possession of the car to plaintiff will be affirmed.

Appeal from a judgment of the City Court of Buffalo, awarding to the plaintiff a certain automobile in an action of replevin.

George B. Doyle, for appellant.

Percy S. Lansdowne, for respondent.

WHEELER, J.   The evidence shows that the defend-
ant, Edward Vivian, purchased from the plaintiff, the
Hudson-Oliver Motor Company, Incorporated, an
automobile under a conditional contract of sale by
which the title of the car was to remain in the motor
company until the car was finally paid for.   The recov-
ery of the car in question was predicated upon the
right of the plaintiff to possession of the car owing to
the failure of the defendant Vivian to pay the install-
ments due and agreed to be paid under the terms of
this contract.   It further appears that Vivian was
arrested, indicted, and has been convicted in the United
States Court for a violation of the National Prohi-
bition Act, in that he transported liquors in the car
in question in violation of that statute.   At the time of
Vivian's arrest the car in question was seized by the
Federal authorities pursuant to section 25 of the so-
called Volstead Act, and pursuant to section 26 of that
act the defendant Vivian gave to the Federal authori-
ties a bond conditioned for the return of the said auto-
mobile to the enforcement officer on the day of the trial
to abide the judgment of the court, but after his con-
viction he failed to make such return of the car.   It
further appears that after the automobile was released
and returned to Vivian on the acceptance of his bond
the Hudson-Oliver Motor Company began this action
for the replevin of the car.

Upon the trial in the City Court the defendant con-
tended that inasmuch as the United States authorities
had seized the car for violation of the Volstead Act
the plaintiff here could not maintain an action of
replevin.   Certainly as between the plaintiff and

Supreme Court, July, 1921.          [Vol. 116.

Vivian the plaintiff is entitled to possession of the car, and we are unable to see how Vivian as against the plaintiff could plead title in the United States government. If the United States government saw fit to assert its title to the property in question as against the plaintiff, then that question could be litigated and decided upon its merits. But we think it no answer to the complaint in the replevin action for Vivian to say that he no longer held title to the property in dispute. In any event it appears that the question as to the right of the United States to the property in question has already been determined by the District Court of the United States for the Western District of New York. The United States district attorney sought to have the car in question sold. The Hudson-Oliver Motor Company appeared in that proceeding and objected to the sale. Judge Hazel there held that the remedy of the Federal government was to enforce the liability on the bond given by Vivian and his sureties, and held that in view of the fact that the property in question had been in the custody of the state courts the Federal government had no power or right to seize the car in question, or to order a sale in relation thereto. Consequently we have an adjudication of the Federal court in reference to this specific property that the United States has no claim thereto, and it certainly is not for the appellant Vivian to say that the United States court erred in that respect. The holding of the United States District Court must be deemed good until reversed.

It is argued by the appellant's counsel that the plaintiff in this action had no right to take the automobile from the defendant's possession and to place him in a position where he could not return it to the Federal authorities in compliance with the terms of the bond. The answer to that proposition is that the

plaintiff has placed the defendant in no such position. It was within the power of the defendant at any time to have paid to the plaintiff the amount due and owing on the automobile, and thereby regain possession of it, so that he could have complied with the terms of the bond given to the Federal authorities. .

We think the judgment should be affirmed, with costs of this appeal.

Judgment affirmed.